Brian Hennessy (SBN 226721)
E-mail: BHennessy@perkinscoie.com
**Perkins Coie LLP**
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

Elizabeth L. McDougall, WA Bar No. 27026 (*pro hac vice*)
E-mail: EMcDougall@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Attorneys for Plaintiff
craigslist, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| craigslist, Inc., a Delaware corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>Eddie Temple d/b/a Craigspimp.com and Shadydollars.com, and Does 1 through 25, inclusive,<br><br>            Defendants. | Case No.   CV 09 4738 JW (PVT)<br><br>**PLAINTIFF CRAIGSLIST INC.'S ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-11 FOR LEAVE FOR EXPEDITED DISCOVERY PRIOR TO RULE 26 CONFERENCE**<br><br>Before:     Honorable James Ware |

Pursuant to Local Rule 7-11, craigslist, Inc. ("craigslist") seeks an order allowing it to conduct expedited discovery for the limited purpose of obtaining the names, current and former addresses, telephone numbers, e-mail addresses, IP addresses, payment information, or similar information (collectively "Identifying Information") that may be used to identify Defendants who are responsible for administering the domain names craigspimp.com, craigspimptutorial.com and Shadydollars.com. In particular, craigslist asks for leave to immediately serve the Defendants'

Internet Service Providers ("ISPs"), privacy registrars, payment processors, email providers and past and/or current affiliates (collectively "Third Parties") with subpoenas issued pursuant to Federal Rule of Civil Procedure 45, seeking Identifying Information, in the form attached as Exhibit A to the Proposed Order filed concurrently with this motion. This Administrative Request is based upon the below Memorandum of Points and Authorities, the Declaration of Brian P. Hennessy ("Hennessy Decl."), and the files and records of this action.

## MEMORANDUM OF POINTS AND AUTHORITY

### I. SUMMARY OF MOTION

craigslist filed this lawsuit against Eddie Temple d/b/a Craigspimp.com and Shadydollars.com, and Doe Defendants (collectively "Defendants") for numerous misuses and abuses of craigslist's website, intellectual property and other rights promoted and provided through the Defendants' websites and online resources. The Defendants have hidden the identities and contact details of the individuals and entities responsible for their operations through an Internet Service Provider ("ISP") that will not disclose user information without a subpoena. As a result, despite diligent investigation, craigslist has been unable to locate accurate Identifying Information sufficient to enable serving the Defendants. Thus, this action has been filed against Eddie Temple and "Doe" defendants and craigslist, as of yet, has been unable to serve Defendants.

In Internet infringement cases like this one, courts find "good cause" to issue expedited discovery prior to a Rule 26(f) conference where: (1) plaintiff makes a prima facie showing of infringement; (2) there is no other way to identify the defendants; and (3) there is risk that a party from whom discovery is sought will destroy records (including logs) with Identifying Information before a Rule 26(f) conference can be conducted. craigslist meets all three elements: (1) craigslist has made a prima facie showing of infringement by, among other things, pleading the ownership of valid copyrights in the craigslist website and alleging that Defendants accessed and copied craigslist's website without its consent; (2) based on craigslist's detailed investigation (which, despite its depth and diligence, returned insufficient information to enable service of process on the Defendants), there is no other way to identify the Defendants absent the requested relief; and

(3) absent the expedited discovery, there is a risk that critical Identifying Information could be deleted if the Defendants cancel their services with the domain name registrars, ISPs, and payment processors, or through the Third Parties' regular purge processes. Accordingly, the Court should grant craigslist's motion and allow immediate expedited discovery to obtain Identifying Information for the Defendants.

## II.   STATEMENT OF THE FACTS

craigslist owns and operates the website www.craigslist.org, which is an Internet-based local classified ad and discussion forum. The intuitive organization of the craigslist website allows users to post a classified ad on a webpage dedicated to a particular geographic area and within a specific category of products or services in that geographic area. To protect its simple but efficient system, craigslist has registered copyrights in its website and requires all users to affirmatively agree to its online TOU, which grant users a limited, revocable, nonexclusive license to access the craigslist website and its services. Hennessy Decl. ¶ 3. craigslist users cannot post an ad to the craigslist website without first agreeing to the TOU. *Id.* ¶ 4. The TOU prohibit acting as a Posting Agent and define and describe prohibited Posting Agent conduct as follows: "A 'Posting Agent' is a third party agent, service, or intermediary that offers to post Content to the Service on behalf of others. To moderate demands on craigslist's resources, you may not use a Posting Agent to post Content to the service without express permission or license from craigslist. Correspondingly, Posting Agents are not permitted to post Content on behalf of others, to cause Content to be so posted, or otherwise access the Service to facilitate posting Content on behalf of others, except with express permission or license from craigslist." Electronic Case Filing Docket Entry ("DE") 1, Exhibit A, ¶ (8).

Defendants, operating www.craigspimp.com, www.craigspimptutorial.com and www.Shadydollars.com, are "Posting Agents" as defined and prohibited by the TOU. Hennessy Decl. ¶¶ 5-6. They induce others to post ads on craigslist for a fee. Defendants boast: "Daily cash payouts for posting ads on craigslist;" and "you post a WOMAN SEEKING MAN ad in the 'casual encounters' or 'women seeking men' personals section of Craigslist. We pay you up to

$0.10 for each reply that your ad generates." *Id.* ¶ 7, Exhibit A.  Defendants encourage their affiliates to post false and misleading advertisements on craigslist.  DE 1 ¶ 79.  When a craigslist user responds to one of Defendants' affiliate advertisements, Defendants receive the response through a forwarded email account.  *Id.* ¶ 81.  Defendants then respond to the craigslist user with an email containing a link which leads to fraudulent webpages containing provocative photos and encouraging the craigslist user to subscribe to adult online dating websites.  *Id.* ¶ 82.

On October 5, 2009, craigslist sued Defendants alleging various claims for relief, including Copyright Infringement 17 U.S.C. § 101, *et seq.*, violation of the Digital Millennium Copyright Act 17 U.S.C. § 1201, *et seq.*, violation of the Computer Fraud and Abuse Act 18 U.S.C. § 1030, *et seq.*, breach of contract and fraud.  DE 1; Hennessy Decl. ¶ 8.  As a result of craigslist's research prior to filing its Complaint, craigslist determined that the domain names craigspimp.com and shadydollars.com were registered to an individual named, or using the name, "Eddie Temple."  Consequently, craigslist named Eddie Temple in the Complaint, and included Doe Defendants as well.  DE 1; Hennessy Decl. ¶ 9.  On the basis of diligent investigation and research, craigslist attempted, and failed, to serve Eddie Temple with the Complaint and Summons at addresses in Vancouver, British Columbia and in New Zealand.  Hennessy Decl. ¶ 10.  On October 19, 2009, craigslist sent an electronic letter to Eddie Temple requesting that he accept service by email.  Mr. Temple responded on October 23, 2009, stating that he refused to accept service by email.  Hennessy Decl. ¶ 11, Exhibit B.  Consequently, despite significant effort, craigslist has been unable to properly identify and serve Eddie Temple.

Moreover, despite diligent investigation and research to discover Identifying Information sufficient to personally name the Doe Defendants in the Complaint and to personally serve the Doe Defendants (*see* Hennessy Decl. ¶¶ 12 - 16), craigslist has been unable to obtain such Identifying Information and to accomplish service on the Defendants.  Hennessy Decl. ¶ 17.

### III.   ARGUMENT

"In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where [1] a

plaintiff makes a prima facie showing of infringement, [2] there is no other way to identify the Doe defendant, and [3] there is a risk an ISP will destroy its logs prior to the conference." *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. September 3, 2008) (attached to Hennessy Decl. as Ex. D); *see also Arista Records LLC v. Does 1-43*, No. 07cv2357-LAB (POR) 2007 WL 4538697, at *1 (S.D. Cal. December 20, 2007); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).
plaintiff makes a prima facie showing of infringement, [2] there is no other way to identify the Doe defendant, and [3] there is a risk an ISP will destroy its logs prior to the conference." *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. September 3, 2008) (attached to Hennessy Decl. as Ex. D); *see also Arista Records LLC v. Does 1-43*, No. 07cv2357-LAB (POR) 2007 WL 4538697, at *1 (S.D. Cal. December 20, 2007); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Here, as in *UMG Recordings,* good cause exists to allow the expedited discovery. First, craigslist has made a prima facie showing of infringement. As alleged in the Complaint, craigslist owns valid, registered copyrights for the craigslist website, and its copyrights have been infringed by the Defendants' unauthorized copying of craigslist's website in the course of developing, testing, and using their software. DE 1, ¶¶ 58-65, 86-89, 105-116; *see Ticketmaster L.L.C. v. RMG Techs., Inc.*, 507 F. Supp. 2d 1096 (C.D. Cal. 2007) (finding plaintiff was likely to succeed on its copyright claim where defendant created cached copies of plaintiff's website to engage in prohibited activities). Second, without the requested discovery, craigslist is unable to identify the Defendants to personally name and/or serve them with the Complaint. Hennessy Decl. ¶ 18. Third, absent expedited discovery, there is a risk that the information sought from the domain name registrars, ISPs, and payment processors could be deleted if the Defendants cancel their services with said entities. *Id.* ¶ 19. Moreover, because craigslist does not have Identifying Information sufficient to name and/or serve the Defendants, craigslist has no one with whom to conduct a Rule 26(f) conference. *Id.* ¶ 20. Consequently, without the requested expedited discover of Third Parties, no defendants would appear and the case could not proceed. *Id.*

Furthermore, as in *UMG Recordings*, there is no prejudice to the Defendants by this request because craigslist's request is extremely narrow, seeking only to identify Defendants' contact information in order to properly serve Defendants with the Summons and Complaint. *See UMG*, No. C 08-1193 SBA, 2008 WL 4104214, at *5; Hennessy Decl. ¶ 21. Indeed, in its proposed order, craigslist includes many of the provisions protecting Defendants approved by the

Court's previous order in *UMG Recordings*, including an opportunity to object or move to quash. Hennessy Decl. ¶ 22.

### IV. CONCLUSION

For the reasons set forth above, the Court should grant craigslist's motion for leave to take expedited discovery.

DATED: February 1, 2010          **PERKINS COIE LLP**

By: /s/ Brian Hennessy
    Brian Hennessy (SBN 226721)
    BHennessy@perkinscoie.com
    Elizabeth L. McDougall (*pro hac vice*)
    EMcDougall@perkinscoie.com

Attorneys for Plaintiff
craigslist, Inc.